875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David MACK, Plaintiff-Appellant,
Brian D. Howard, James H. Anglin, Plaintiffs,
v.
John NICHOLS, Oakland County Sheriff, Jail Administrator,
County of Oakland, Defendants-Appellees.
 No. 88-1862.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 David Mack appeals the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the certified record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages, Mack claimed that while he was a detainee in the Oakland County, Michigan jail, the officials of that facility subjected him to cruel and unusual punishment and denied him access to the courts. He alleged that they limited his access to the jail library to one hour per week, caused him to sleep on a floor mattress for two days in a crowded cell, and denied him adequate exercise and adequate medical care. The district court dismissed the claims as meritless.
 
 
 3
 Upon consideration, we affirm the district court's judgment. Mack's denial of access to the courts claim is without merit as he failed to demonstrate prejudice from the alleged denial of adequate library materials and assistance. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). As a pretrial detainee, his eighth amendment claim is cognizable under the fourteenth amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir.1985); Nonetheless, the hardship caused by the crowded living conditions at the Oakland jail did not amount to the level of wantonness necessary for a pretrial detainee to state a claim for a violation of his due process rights. See Whitley v. Albers, 475 U.S. 312, 322 (1986).
 
 
 4
 In light of the defendants' legitimate penological interest in maintaining security under the jail's crowded conditions, we also conclude that the defendants' failure to allow Mack more exercise than he received did not violate Mack's constitutional rights. See Bell, 441 U.S. at 540.
 
 
 5
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.